IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02240-WYD-MJW

PATRICK KENNEDY,

Plaintiff(s),

v.

COLORADO RS, LLC. and
CAS PARTNERS, LLC,

Defendant(s).

---

ORDER REGARDING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT
(DOCKET NO. 33)

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Motion for Leave to Amend Complaint (docket no. 33). The court has reviewed the subject motion (docket no. 33), the response (docket no. 35), and the reply (docket no. 36). In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleadings after the time for amending as a matter of right has passed "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A court may deny a motion for leave to amend where, among other reasons, "amendment would be futile." Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc., 175 F.3d 848, 859 (10th Cir. 1999). "A proposed amendment is futile if the [pleading], as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." Watson v. Beckel, 242 F.3d 1237, 1239-40 (10th Cir. 2001). A court faced with a challenge to a motion to amend based on the futility defense therefore will consider the sufficiency of the claims that the moving party seeks to add in the party's proposed amended pleading. Moody's, 175 F. 3d at 859;

5. That Plaintiff has met the requirements of Fed. R. Civ. P. 15(a)(2) and has demonstrated good cause in the subject motion (docket no. 33) to allow an amended pleading to be filed. Accordingly, Plaintiff's should be permitted to amend his Complaint.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiff's Motion for Leave to Amend Complaint (docket no. 33) is **GRANTED**. The Plaintiff's First Amended Complaint and Jury Demand (docket no. 33-1) is accepted for filing as of the date of this Order; and

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 14th day of July, 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE