IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   10-cv-02240-WYD-MJW

PATRICK KENNEDY,

     Plaintiff,

v.

COLORADO RS, LLC, a Delaware corporation, d/b/a "RIVERSTONE RESIDENTIAL
GROUP SW"; and

CAS PARTNERS, LLC, a Texas corporation,

     Defendants.

---

## ORDER

---

     This matter is before the Court on Defendant Riverstone Operating Company,

Inc.'s Motion for Summary Judgment [ECF No. 57], filed August 15, 2011.  Plaintiff filed

his Response [ECF No. 80] on October 4, 2011, and Defendant filed its Reply [ECF No.

82] on October 21, 2011.  For the reasons set forth below, I deny the Defendant's

Motion for Summary Judgment.

     This case arises from the events surrounding the termination of Plaintiff Patrick

Kennedy by Defendant Riverstone Operating Company, Inc. ("Riverstone").[1]  Mr.

Kennedy was a maintenance employee at Riverstone's Clear Creek Commons ("CCC")

property, an independent living facility for elderly residents located in Golden, Colorado.

Mr. Kennedy has filed a discrimination claim, alleging that Riverstone failed to provide

---

[1] Defendant states that it has been incorrectly named as "Colorado RS, LLC" and "CAS Partners,
LLC" in the case caption.  This order will accordingly refer to Defendant as "Riverstone."

him with a reasonable accommodation and ultimately fired him based on his disability in violation of the Americans with Disabilities Act, as amended, 42 U.S.C.A § 12101 *et. seq.*  He also asserts a claim for wrongful discharge in violation of public policy because he alleges he was terminated for his disability and because he refused to lie to the police.  This claim is based on both the Colorado Antidiscrimination Act, C.R.S. § 24-34-402, and the Colorado criminal statute prohibiting False Reporting to Authorities, C.R.S. § 18-8-111.  In his third claim for relief, Mr. Kennedy alleges that Riverstone did not pay him for all of the holiday and overtime hours he worked, in violation of the Fair Labor Standards Act (FLSA).  Finally, in his fourth claim for relief, Mr. Kennedy alleges he was denied short term disability benefits in violation of section 510 of the Employee Retirement Income Security Act (ERISA).

Riverstone's Motion raises the following arguments in favor of summary judgment: (1) Mr. Kennedy's disability discrimination claim fails because he cannot establish a prima facie case, cannot overcome Riverstone's legitimate non-discriminatory reason for his discharge, and cannot show pretext; (2) Mr. Kennedy's wrongful discharge claim should be dismissed because he cannot demonstrate the requisite causal link; (3) Mr. Kennedy's FLSA claim should be dismissed because he has not shown the amount of overtime he worked by justifiable and reasonable inference or that Riverstone was aware of the overtime he worked; and (4) Mr. Kennedy's section 510 ERISA claim fails on its merits.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the Court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *E.E.O.C. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "A fact is 'material' if, under the governing law, it could have an effect on the outcome of the lawsuit." *E.E.O.C. v. Horizon/ CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "A dispute over a material fact is 'genuine' if a rational jury could find in favor of the nonmoving party on the evidence presented. *Id.*

The burden of showing that no genuine issue of material fact exists is borne by the moving party. *Horizon/ CMS Healthcare Corp.*, 220 F.3d at 1190. "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). When applying the summary judgment standard, the Court must "view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Id.* (quotation marks and citation omitted). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co., Inc.*, 933 F.2d 891, 892 (10th Cir. 1991). However, "unsupported conclusory allegations do not create a genuine issue of fact." *E.E.O.C. v. C.R. England, Inc.*, 644 F.3d 1028, 1037 (10th Cir. 2011) (citations omitted).

Based upon my review of the pleadings related to the summary judgment motion and after considering the law applicable to this case, I find that genuine issues of material fact exist with regard to each of the claims asserted in the complaint when I

3

view the evidence in the light most favorable to the non-moving party, Mr. Kennedy.

Therefore, it is

ORDERED that Defendant Riverstone's Motion for Summary Judgment [ECF No. 57], filed August 15, 2011 is **DENIED.**  In light of this order it is

FURTHER ORDERED that Plaintiff's Request for In-Person Evidentiary Hearing Regarding Defendants' Motion for Summary Judgment (ECF No. 83) is **DENIED** as moot.

Dated: February 1, 2012.

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge